**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SHAWN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 3:05-CV-175-RLY-WGH |
| | ) | |
| CRAIG HANKS, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of**
**Habeas Corpus and Directing Entry of Judgment**

In his petition for a writ of habeas corpus, Shawn Johnson challenges the validity of a disciplinary proceeding in which he was found guilty of the prison infraction of tampering and blocking any locking device or mechanism.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Johnson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Although Johnson contends that the challenged disciplinary proceeding, identified as No. WVE 05-06-0038 is constitutionally infirm, the pleadings and the expanded record show otherwise. Those pleadings and the record show that (1) Johnson received a copy of the conduct report setting out the nature and circumstances surrounding the alleged infraction, (2) Johnson was notified of the charge more than 24 hours in advance of the

hearing and of his procedural rights, (3) Johnson had the right to appear, make a statement, and present evidence, including the opportunity at the time he was notified of the charge and of his procedural rights to request witnesses,  (4) the decision maker issued a written statement outlining the evidence which was submitted and setting forth the finding on which Johnson's guilt was based, (5) the sanction imposed was clearly identified and a reason given for the sanction selected. In addition, there was some evidence that Johnson had violated institution rules in the manner alleged. These procedural rights fully comported with the template established by *Wolff v. McDonnell,* 418 U.S. 539 (1974), and with the substantive component concerning the quantum of evidence which due process requires set forth in *Superintendent v. Hill,* 472 U.S. 445 (1985). With respect to this latter feature, the evidence favorable to the conduct board's decision shows that on June 11, 2005, Officer D'Poffo, while announcing over a loud speaker that doors were going to be secured, noticed that Johnson thrust his head into the way of the closing door in an attempt to stop the cell door from closing shut. By placing he head in the path of the closing door, Johnson "block[ed] a[ ] locking device or mechanism." This evidence was therefore constitutionally sufficient, and even Johnson's description of a videotape (which he did not timely request) does not suggest that the videotape would be exculpatory.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Johnson to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, the petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date:    01/13/2006